UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>           Petitioner,<br>vs.<br><br>COUNTY OF LOS ANGELES<br>PROBATION DEPT, *et al.*,<br><br>           Respondents. | No. CV 18-5793 SVW (FFM)<br><br>ORDER SUMMARILY DISMISSING HABEAS ACTION AND DENYING CERTIFICATE OF APPEALABILITY |

On or about July 7, 2018, petitioner Adrian Moon filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). (Docket No. 1.) The Petition purports to challenge petitioner's 2010 conviction for violation of California Penal Code sections 115(a) and 118(a). (*See id.* at 2.) However, in his single claim for relief, petitioner alleges that the undersigned and "Vincent Zurrullo" violated his civil rights by not allowing him to pay filing fees to reopen certain "civil rights lawsuits."[1] (*Id.* at 5.)

---

[1] Petitioner alleges that he remains incarcerated as a result of respondents' alleged wrongful conduct. However, petitioner may not obtain the invalidation or reversal

Petitioner does not seek any habeas relief. Rather, he requests that an "evidentiary hearing" be held, that he be awarded damages, and that the undersigned and Zurrullo be found to have "criminally and civilly violated Petitioner's rights." Thus, the gist of petitioner's action is an attempt to assert civil rights claims and to obtain damages against individual defendants. Such claims are not cognizable in a habeas petition. The Court accordingly finds that the Petition is subject to dismissal.

The Court further finds that granting petitioner leave to amend this action to state a habeas claim would be futile. Earlier this year, petitioner filed another habeas action, *Adrian Moon v. William Muniz*, CV 18-1558 SVW (FFM) ("*Moon v. Muniz*"), that ostensibly challenges the terms on which he was released on parole. If petitioner does in fact intend to challenge his parole terms by means of the instant Petition, the Petition would would be subject to dismissal as second or successive. *See* 28 U.S.C. § 2244(b).

Second, in *Moon v. Muniz*, petitioner's original and amended pleadings included claims sounding in civil rights rather than habeas. (*See Moon v. Muniz*, Docket No. 63 at 2-4.) In granting petitioner a final opportunity to amend his pleading, the Honorable Frederick F. Mumm directed petitioner to "delete any claims for monetary compensation against anyone" and to file a civil rights action, rather than a habeas action, if he wished to pursue such claims. (*Id.* at 3.) That petitioner subsequently filed the instant Petition, which sounds squarely in

///

///

///

---

of a conviction or sentence by means of a civil rights action. *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, respondents' alleged wrongful conduct, which allegedly prevented the reopening of civil rights actions, has no bearing on whether petitioner remains incarcerated.

civil rights, suggest that petitioner has no intention of abiding by the distinction between civil rights and habeas rights actions, but will continue to file Section 2254 pleadings seeking monetary damages against individual defendants.[2]

Finally, the Court finds that petitioner is not entitled to a certificate of appealability ("COA"). Under Rule 11(a) of the Rules Governing § 2254 Actions, the district court must issue or deny a COA when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. *Id.* Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a COA should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismisses Petition on the ground that petitioner's claims are not cognizable in habeas. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473 (2000) ("*Slack*"). In *Slack*, the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

[2] Petitioner may be motivated by the fact that the Court has previously determined that he has "three strikes" against him under 28 U.S.C. § 1915(g) and must therefore meet certain conditions before he may proceed *in forma pauperis*. (*See Adrian Moon v. Juanita Garbutt* et al., CV 17-3459 SVW (FFM), Docket Nos. 6-9.) As the fee for filing a habeas action in the Central District is $5.00, compared to $350 for a civil action (*see* Schedule of Fees, CACD Form G-72 (07/18), it would be to petitioner's advantage to present civil rights claims in the guise of a habeas petition.

3

529 U.S. at 484 (emphasis added). Here, given the obvious non-cognizability of petitioner's claims, jurists of reason would not find it debatable whether the district court was correct in its ruling.

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability is denied.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2018

STEPHEN V. WILSON
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge